

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Carreras v. DeRosa

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3700

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Carreras v. DeRosa" (2005). *2005 Decisions.* Paper 1225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-140                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3700
_____

HUMBERT CARRERAS,

Appellant

v.

C. J. DEROSA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-03704)
District Judge: Honorable Joseph E. Irenas

_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2005

BEFORE: ROTH, BARRY and SMITH, <u>CIRCUIT JUDGES</u>

(Filed:  May 10, 2005)


_____

OPINION
_____


PER CURIAM

Humbert Carreras, pro se, appeals an order of the United States District Court for

the District of New Jersey denying his petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

In 1995, in the United States District Court for the District of Puerto Rico, Carreras was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 294 months' imprisonment. Carreras appealed, and the United States Court of Appeals for the First Circuit affirmed his conviction and sentence in May 1996.

Carreras filed a § 2255 motion to vacate in the District of Puerto Rico. The motion was denied, and Carreras's appeal was unsuccessful. He also filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 and two Federal Rule of Civil Procedure 60(b) motions, all of which were denied.

In 1999, Carreras filed a § 2241 petition in the District of New Jersey. In that petition Carreras alleged nine claims challenging the constitutional validity of his conviction. He argued that his claims were appropriately brought under § 2241 because he could not avail himself of relief under § 2255 because of AEDPA's restrictions. The District Court concluded that Carreras was not entitled under In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), to bring his claims pursuant to § 2241 because he could not show that § 2255 was an inadequate remedy. The Court also concluded that Carreras could not file a § 2255 motion because he had not been authorized by the First Circuit Court of Appeals to do so.

2

Carreras filed the instant petition pursuant to § 2241 in August 2004. In his petition he claimed that the restriction on second or successive petitions in §§ 2244 and 2255 violates his First Amendment rights by preventing him from seeking redress for grievances. He also reasserted by reference the claims he raised in the 1999 petition attacking his conviction.

The District Court determined that Carreras's claims attacked his conviction and were, therefore, not properly raised in a § 2241 petition. The District Court reiterated its previous conclusion that Carreras could not file a § 2241 petition simply because AEDPA restricts his use of § 2255. The District Court also noted that Carreras was not entitled to adjudication of his petition as a § 2255 motion because he had not received permission to file such a motion from the First Circuit Court of Appeals. The District Court, therefore, denied Carreras's § 2241 petition. Carreras timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We agree with the District Court that Carreras is not entitled to bring his claims under § 2241. The nature of Carreras's claims places his petition squarely within the scope of § 2255. The mere fact that AEDPA prevents his use of § 2255 does not render § 2255 inadequate. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002).

Summary action is appropriate if there is no substantial question on appeal. See Third Circuit LAR 27.4. For essentially the reasons set forth by the District Court, we

will summarily affirm the District Court's August 13, 2004 order.  <u>See</u> Third Circuit

I.O.P. 10.6.